### HOWARD v. HALSTED et al.

(District Court, S. D. New York. March 22, 1923.)

1. **Shipping ☞153—Evidence held insufficient to prove that contract was made by agent on behalf of defendant pledgee of bill of lading.**

   In libel for freight against pledgee of bill of lading, evidence *held* insufficient to prove that the contract with the libellant entered into by an agent for an undisclosed principal, was made on behalf of pledgee.

2. **Evidence ☞208(1), 265(8)—Original answer admissible as an admission but not conclusive.**

   An original answer was admissible as an admission of facts alleged therein, but was not conclusive as to such facts.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel by Thomas J. Howard against Jacob H. Halsted and Thomas H. Story, composing the firm of W. H. Story & Co., and another. Dismissed as against defendants W. H. Story & Co.

Leo J. Curren, of New York City, for libellant.
Vine H. Smith, of New York City, for respondent Story & Co.

LEARNED HAND, District Judge. Elder made his contract with Howard without giving the name of any principal at all. Perhaps Howard understood that he was acting for some principal, though that is not wholly clear. When he asked Howard to add 50 cents to the bill, it must be owned that the suggestion was more consonant with the inference that he supposed he was an agent, but even that does not necessarily follow. He might still have meant to recontract with Renke at the same rate at which he apparently got the boat. However, that is not important, because clearly Howard had no intimation of Halsted in the transaction, and there can be no agency by estoppel. The question is merely who in fact was Elder's principal, assuming that he dealt for a principal.

Therefore, if Halsted is to be held it must be because he was the principal. Every presumption is against it. Halsted was not interested in the venture, got none of its profits, and suffered none of its losses. It was Renke's malt which he had bought and had sold to Longey. Of course, Halsted might have undertaken to move it for him and to become responsible for the cost, but, Renke being on the spot and negotiating personally with Elder, that was not a likely thing for him to do. He only advanced the money and protected himself with the bill of lading, which he held merely as pledgee. Hence, if he was in fact principal, it must be proved with some degree of certainty, because the probabilities are all against it, just as they are against the same conclusion in the case of any other commission man or banker who finances the transactions of traders on their own account.

The facts are these: Renke, the owner, wishing to get a barge to deliver his malt to the Moorish Prince, asked Elder to get one for him. Whether he expected to contract directly with Elder or to have Elder get the barge as his agent is not altogether plain. Elder's reservation of a commission might be interpreted in either way, as I have said. I shall assume with the libellant that he was acting as an agent, though he disclaims it. Even so, he did not know for whom he was acting; at first he supposed it was Renke, but later coming in contact with Halsted, who held the bill of lading, he thought it might be he. It makes not the slightest difference what he thought, because the case turns upon who was in fact the principal, not on what Elder supposed.

Halsted knew of the charter, but had not told Renke to make it, and was not concerned with it. He gave no orders concerning it, except that on Monday the 16th he, through his clerk, Hader, who must be regarded as duly authorized, wrote a letter to Elder, asking that the cargo be delivered to the Moorish Prince. This he did at Renke's request. The letter was written three or four days after the contract was signed, and is relevant only so far as from it one may infer as a fact

that Halsted had told Renke to get the barge, and had undertaken to move the malt.

Halsted took the bill of lading in his own name, signed by Howard for the master. This does not show that it was Halsted's venture, because it is entirely consistent with his necessity of keeping security for his advances. Halsted had at no time directed Elder to make the contract, nor Renke so to instruct Elder. Renke decided where the malt should go and how it should be carried; Halsted did not therefore undertake to move the malt.

[1] Therefore, the proof, instead of contradicting the presumption which the relations between Renke and Halsted would normally create, runs on all fours with it. There is not the least evidence from which it could be inferred that the business was Halsted's.

[2] The original answer contained the allegation that Halsted acted as forwarder of the malt and was to pay the freight. That he was to pay the freight is true, since he paid all the disbursements. That he was the forwarder is not true, except in so far as he held title under the bill of lading until he was paid. The answer was an admission, proper for the libellant to use as evidence in his favor, but it was not conclusive, and it was clearly an error. If there were a nicely balanced issue in the evidence, or indeed any issue at all, I ought to, and should, weigh it as significant, but there is not. On the contrary, for the reasons given there is no proof to justify it at all, and as an admission it will not serve to upset the only possible conclusion from the proof.

Howard has chosen the wrong respondent. His freight, if due at all, on which I say nothing, is due from Renke, if he was the principal, or from Elder.

The libel is dismissed as against Halsted, with costs.